UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIONAL LABOR RELATIONS BOARD, | § § § | |
| *Plaintiff,* | § § | Civil Action No. 3:22-CV-0079-X |
| v. | § § | |
| LM CARPET CLEANING RESURFACING & POWER WASHING, | § § § § § | |
| *Respondent.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiff National Labor Relations Board's (NLRB) motion for adjudication in civil contempt. (Doc. 49). The United States Magistrate Judge made Findings, Conclusions, and a Recommendation (FCR) in this case, which the Court **ACCEPTS**. (Doc. 59). The Court also held a show cause hearing on March 25, 2025, and **GRANTS IN PART AND DENIES IN PART** the NLRB's motion as to Leonardo Arcibar.

### I. Background

In 2022, the NLRB issued a subpoena to respondent LM Carpet Cleaning Resurfacing & Power Washing ("LM Cleaning") as part of an investigation into unfair labor practices. LM Cleaning failed to respond to this subpoena. The NLRB then petitioned this Court to enforce the subpoena, which resulted in an order on January 30, 2024 ("2024 Order"), which stated, "Leonardo Arcibar, owner of LM Carpet Cleaning Resurfacing & Power Washing, must serve on the National Labor Relations

1

Board all information set forth in the Subpoena, by February 28, 2024, and provide testimony in conjunction with said information on that same day at a time and place set by the National Labor Relations Board."[1] But over a year later, Arcibar has yet to provide any information or respond to the NLRB at all.

LM Cleaning and Arcibar have failed to appear or respond to any proceeding in this matter: the NLRB's initial 2023 motion for contempt, show cause hearings before Magistrate Judge Ramirez, the NLRB's 2024 motion for contempt, Magistrate Judge McKay's hearing on the 2024 contempt motion, or this Court's show-cause hearing for the 2024 motion.

The NLRB now asks the Court to adjudge LM Cleaning, as well as LM Cleaning's owner, Arcibar, in civil contempt; require their compliance with the 2024 Order within ten days of this Order; and if they have not complied after ten days, to levy a fine of $250 per day against LM Cleaning and $100 per day against Arcibar, in order to enforce compliance.

## II. Legal Standard

"In a civil contempt proceeding, the movant must establish by clear and convincing evidence that (1) a court order was in effect, (2) the order required specified conduct by the respondent, and (3) the respondent failed to comply with the court's order."[2] The respondent's willfulness or intent to violate the court order is immaterial.[3] Once the movant establishes the violation, the burden shifts to the

---

[1] Doc. 46 at 1.

[2] United States v. City of Jackson, Miss., 359 F.3d 727, 731 (5th Cir.2004)

[3] *Petroleos Mexicanos v. Crawford Enters.*, 826 F.2d 392, 401 (5th Cir.1987).

violating party "to show either mitigating circumstances that might cause the district court to withhold the exercise of its contempt power, or substantial compliance with the consent order."[4]

"The civil contempt power is limited."[5] Any sanctions imposed in a civil contempt context "must be remedial, and for the benefit of the complainant."[6] The Court must calculate such sanctions only to "(1) coerce the contemnor into compliance with a court order or (2) compensate another party for the contemnor[']s violations."[7] The Court may levy non-compensatory fines, such as the NLRB seeks here, "only if the contemnor is afforded an opportunity to purge."[8] But a court has broad discretion to impose judicial sanctions to coerce compliance with its orders.[9] "The Court may impose a conditional fine, provided the amount is reasonably designed to force compliance without being punitive," or even "a fixed term of imprisonment, with the condition that the contemnor be released if he or she complies with the court order."[10]

### III. Analysis

This Court issued a valid order on January 30, 2024, requiring Arcibar to comply with the NLRB's subpoena with information and accompanying testimony

---

[4] *Whitfield v. Pennington*, 832 F.2d 909, 914 (5th Cir.1987)

[5] *In re Highland Capital Mgmt.*, 98 F.4th 170, 174 (5th Cir. 2024).

[6] *Id.* (cleaned up).

[7] *Id.*

[8] *Id.* (quoting *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994)).

[9] *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir.2000)

[10] *Mary Kay v. Designs by Deanna, Inc.*, 2013 WL 6246484, at *4 (N.D. Tex. Dec. 3, 2013) (Fitzwater, C.J.) (imposing a $5,000 fine on contemnor for violating a permanent injunction against making or selling merchandise with a name or mark confusingly similar to Mary Kay) (citing *In re Dinnan*, 625 F.2d 1146, 1149 (5th Cir. 1980) (per curium)).

3

about such information. The NLRB has provided evidence that Arcibar has failed to comply with the 2024 Order. And he has wholly failed to appear or respond, let alone to provide an adequate defense to the NLRB's prima facie case—Arcibar and LM Cleaning have failed to appear or respond to the NLRB's initial 2023 motion for contempt, its 2024 motion for contempt, Magistrate Judge McKay's hearing on the 2024 contempt motion, or this Court's show cause hearing for the 2024 motion. Therefore, because the NLRB made a prima facie showing that LM Cleaning violated a valid court order requiring it to comply with the NLRB's subpoena, the Court grants the NLRB's motion.

But the Court's 2024 Order requires conduct only from Arcibar as LM Cleaning's owner, not from LM Cleaning itself. Therefore, the NLRB established its prima facie case as to Arcibar, but not as to LM Cleaning.

### IV.    Conclusion

The Court **GRANTS IN PART** the NLRB's motion for an adjudication in civil contempt. (Doc. 49). The Court **FINDS** Leonardo Arcibar in civil contempt for failing to comply with this Court's 2024 Order.

The Court **ORDERS** Arcibar to comply with the NLRB's subpoena, producing all materials responsive to each request and providing testimony in conjunction to such materials within ten days of this Order. If Arcibar fails to do so within ten days of this Order, the Court **ORDERS** Arcibar to pay a fine of $100 per day until he complies.

The Court **DENIES IN PART** the NLRB's motion as to finding LM Cleaning

in contempt of the 2024 Order and levying a fine against LM Cleaning separate from the fine against Arcibar.

**IT IS FURTHER ORDERED** that the Clerk's Office shall send a copy of this order to the following addresses:

> Leonardo Arcibar, Owner
> LM Carpet Cleaning Resurfacing & Power Washing
> 4314 Motley Drive
> Mesquite, Texas 75150
>
> Leonardo Arcibar, Owner
> LM Carpet Cleaning Resurfacing & Power Washing
> 3401 Cortez Dr. Apt. 2302
> Garland, Texas 75141
>
> Leonardo Arcibar, Owner
> LM Carpet Cleaning Resurfacing & Power Washing
> 220 N. 12th Street
> Garland, Texas 75040

The NLRB shall also personally serve LM Cleaning, through its owner, Leonardo Arcibar, with a copy of this Order in accordance with the Federal Rules of Civil Procedure and shall file proof of such service with the Court.

**IT IS SO ORDERED** this 25th day of March, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE